IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 25-81168 |
| ACQUISITION INTEGRATION, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**LIMITED OBJECTION OF SERVISFIRST BANK TO DEBTOR'S
DISCLOSURE STATEMENT FOR LIQUIDATION PLAN OF
ACQUISITION INTEGRATION, LLC, DEBTOR AND
DEBTOR-IN-POSSESSION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

COMES NOW, ServisFirst Bank ("ServisFirst"), by and through undersigned counsel, and hereby files this limited objection (this "Objection") to Debtor Acquisition Integration, LLC's (the "Debtor") *Disclosure Statement for Liquidation Plan of Acquisition Integration, Debtor and Debtor-in-Possession Under Chapter 11 of the Bankruptcy Code* (Doc. 95) (the "Disclosure Statement")[1]. In support thereof, ServisFirst states as follows:

**LIMITED OBJECTION**

ServisFirst objects to the Disclosure Statement on the grounds that the Disclosure Statement does not contain adequate information that would allow the Debtor's creditors and other interested stakeholders to fully and appropriately evaluate the terms of the Plan. Specifically, the Disclosure Statement does not contain adequate information about the contemplated sale of the Debtor's inventory that is anticipated to either partially or completely satisfy ServisFirst's claim in this case. Section 1125(b) of the Bankruptcy Code provides:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Disclosure Statement.

disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

11 U.S.C. § 1125(b). "Adequate information" is defined as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information[.]

11 U.S.C. § 1125(a)(1). A sufficient disclosure statement must ensure that parties can make "an informed vote" on a plan. *See In re America-CV Station Group, Inc.*, 56 F.4th 1302, 1309 (11th Cir. 2023).

While the Debtor's Plan does provide certain information about the potential liquidation of the Debtor in the form of a sale of the Equity Shares of the Debtor, including the Debtor's rights under the MAPSO Contract[2], the Plan does not provide any information about the contemplated sale of the Debtor's inventory, which the Debtor intends to sell pursuant to § 363 of the Bankruptcy Code to reduce or satisfy the claim of ServisFirst, the Debtor's largest secured creditor and holder of the first priority security interest in, *inter alia*, the inventory. (*See* Doc. 19, ¶¶ 2-6, Exs. A, B) (description of and evidence supporting ServisFirst's security interest in the Debtor's assets, including the inventory). Although the ultimate value of the inventory is unknown and unknowable until established through a duly-conducted sale process, it is anticipated that the sale of the Debtor's inventory could significantly reduce ServisFirst's claim, which would then allow for a

---

[2] The Court's *Tentative Ruling on Disclosure Statement for Liquidation Plan* entered October 16, 2025 (Doc. 106) highlights certain deficiencies in the Disclosure Statement related to that proposed liquidation.

greater recovery by the Debtor's other secured and unsecured creditors from any other available sources, after payment in full of the ServisFirst claim.[3] Absent information about the contemplated sale of this inventory, the Disclosure Statement does not contain "adequate information" sufficient to permit other claimholders to accurately assess their own potential recovery, and therefore does not satisfy the requirement of § 1125(a)(1). Accordingly, ServisFirst hereby objects to the Disclosure Statement to the extent that it does not disclose information about this prospective sale of the Debtor's inventory.

Respectfully submitted this the 16th day of October, 2025.

/s/ Wes Bulgarella
Jayna P. Lamar
Wes Bulgarella

*Counsel for ServisFirst Bank*

**OF COUNSEL:**

**MAYNARD NEXSEN P.C.**
Jayna P. Lamar
Wes Bulgarella
1901 Sixth Avenue North,
1700 Regions/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000
jlamar@maynardnexsen.com
wbulgarella@maynardnexsen.com

---

[3] For the avoidance of doubt, the Debtor's debtor-in-possession lender, NOVO Tech, Inc. (the "DIP Lender") was granted a junior security interest in, among other things, the inventory pursuant to this Court's order authorizing the DIP Lender to advance a debtor-in-possession loan to the Debtor. In the event net proceeds from the sale of the Debtor's inventory would result in a total satisfaction of ServisFirst's claim, it is assumed that any proceeds in excess thereof would go towards satisfying the DIP Lender's claim in this case.

## CERTIFICATE OF SERVICE

I hereby certify to the Court that on October 16, 2025, I electronically filed the above and foregoing with the Court's CM/ECF system, which will affect electronic filing with the Clerk of Court and provide electronic service of same to all counsel of record.

>       */s/ Wes Bulgarella*
>       OF COUNSEL